## McELMURRAY *v.* PRESCOTT.

There being no error of law complained of, and the evidence being sufficient to sustain the conclusion reached by the trial judge, to whom, by consent of parties, the case was submitted without the intervention of a jury, this court will not interfere with his judgment in denying the motion for a new trial.

Argued February 6, — Decided February 28, 1900.

Action for damages. Before Judge Eve. City court of Richmond county. May 3, 1899.

*Joseph R. Lamar,* for plaintiff in error.
*Russell & Rosenfield,* contra.

LEWIS, J. Britton Prescott brought suit in the city court of Richmond county, against W. H. McElmurray, for $316.20 damages. The petition substantially presents the following case: Petitioner rented a farm to one Francis during the year 1897, for the sum of one thousand pounds of good middling lint-cotton, Francis giving petitioner his note for same. It was necessary for Francis to have supplies, and he desired to purchase them from McElmurray, and petitioner and McElmurray entered into an agreement to the effect that petitioner would waive his rent note held against his tenant in favor of McElmurray on an amount of the crop that would be sufficient to satisfy the note, and would allow McElmurray to hold possession of the note until he received on his account against the tenant an amount equal to the sum named in the note, if the tenant should owe the defendant so much. When this amount was so received, then McElmurray was to deliver the note back to petitioner. In accordance with this agreement, petitioner in-

dorsed on the note: "Transferred to the amount of this note to W. W. McElmurray this 12th day of April, 1897;" and the note was accordingly delivered to McElmurray until he should receive from Francis on his account an amount equal to that called for in the note. The tenant bought numerous goods on credit from McElmurray, and paid on his account one thousand pounds of good middling lint-cotton, equal to that named in the note held by the defendant, and thus satisfied the agreement entered into between petitioner and defendant. Petitioner learned this amount had been paid, demanded the note of McElmurray, and the latter refused to comply with the demand, claiming that he held the note as security for the whole account of the tenant during the year. The account far exceeded the note, and McElmurray got all the cotton made by the tenant, which was more than enough to satisfy the rent note, after the merchant had received on his account cotton to the amount named in the note; but before petitioner could avail himself of his legal rights to recover his rent, McElmurray, with full knowledge of plaintiff's rights and of his landlord's lien for rent, persuaded and induced Francis to deliver to him the balance of his crop, which was accordingly done, and left Francis with no property out of which petitioner's rent could be made. Petitioner further alleged the insolvency of Francis. The petition recited that after McElmurray refused to deliver the rent note to petitioner, he instituted an action of trover therefor, and recovered the same. Petitioner set forth a further claim for damages, besides the loss of his rent, against McElmurray, on account of trips petitioner had to take, in consequence of the defendant's conduct, from his home in Augusta to the home of McElmurray and Francis, 25 miles distant, in order to see him and gain possession of the note, and the rent of his place. He also claimed punitive damages. The case, by agreement of counsel, was submitted to the judge without the intervention of a jury, and after the evidence was introduced, and argument of counsel was heard, the court rendered a judgment in favor of the plaintiff against the defendant for the sum of $66.00.

It appears from the record that counsel for defendant below filed a demurrer to this petition on various grounds, gen-

eral and special, which was overruled by the court. No exceptions were filed to this judgment of the court overruling the demurrer. The overruling of the demurrer, therefore, was an adjudication by the court that the allegations set forth in plaintiff's petition constituted a valid cause of action against the defendant. The defendant made a motion for a new trial, and excepts to the judgment of the court overruling that motion.

We think the petition set forth a cause of action for the recovery at least of an amount equal to the rent, of which the landlord was deprived by the wrongful conduct of the defendant, and it seems that this was made the basis of the recovery in the judgment rendered by the court below. But, as above indicated, even if there were any question about this right of action, it has been adjudicated in favor of the plaintiff below, and, no exceptions being taken thereto, it is not now a question before this court. The only ground in the motion for us to consider is that the verdict is contrary to law and the evidence. After a careful review of the entire testimony, as appears in the brief of evidence, we find that the plaintiff below established every material allegation in his petition which entitled him to the judgment he obtained. There was a conflict in the testimony as to the contract made between plaintiff and defendant with reference to the rent, but there was sufficient evidence to support the conclusion reached by the judge.

*Judgment affirmed. All the Justices concurring.*